IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| LOIS A. YANKAH, | ) |
| | ) |
| Appellant, | ) |
| | ) |
| v. | ) Case No. 3:14–CV–00191–HEH |
| | ) |
| T-MOBILE, USA, INC., | ) |
| | ) |
| Appellee. | ) |

**MEMORANDUM OPINION**
(Granting Appellee's Motion to Dismiss Appeal)

THIS MATTER is before the Court on Appellee's Motion to Dismiss Appeal (ECF No. 8), filed on April 15, 2014.[1] Appellee requests that this appeal from the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court") be dismissed for a multitude of reasons. As explained herein, the Motion to Dismiss Appeal will be granted and the Bankruptcy Court's opinion will be affirmed.

### I. BACKGROUND[2]

On September 27, 2012, Lois A. Yankah ("Appellant") filed a voluntary petition seeking relief under Chapter 13 of Title 11 of the United States Bankruptcy Code. (Bankruptcy Petition at 2, ECF No. 1 at 2.) On April 9, 2013, Appellant voluntarily converted her case from Chapter 13 to Chapter 7. (Bankruptcy Petition at 4.)

---

[1] Appellee's Motion contained a *Roseboro* Notice, as required by Local Rule 7(K).
[2] As this case revolves around issues of law and not fact, the Court has relied upon the procedural history and record of this case (ECF No. 1) in reaching its decision.

On June 5, 2013, Appellant filed a Motion for Contempt seeking damages from T-Mobile USA, Inc. ("Appellee") for violating the automatic stay granted to Debtors who file for Bankruptcy under Chapter 7. (Bankruptcy Petition at 6.) On October 9, 2013, the Bankruptcy Court denied the Motion for Contempt. (Contempt Order at 10, ECF No. 1 at 134.)

In response to the Contempt Order, on October 18, 2013, Appellant filed a Motion for New Trial (the "First Motion for New Trial"), under Fed. R. Bankr. P. 9023, to "allow newly discovered material evidence favorable to the moving party that was not discovered by the moving party and produced at trial at the August 19, 2013 hearing." (First Mot. for New Trial at 1, ECF No. 1 at 145.) This three-line Motion did not include a memorandum and was met with objections from Appellee. (Resp. to Mot. for New Trial at 1–4, ECF No. 1 at 147.) Appellant responded to the objections by filing a "Notice of Intent for New Trial or in Its Alternative Altering or Amending a Judgment Pursuant to FRCP 59 and Motion to Extend Deadline to File Memorandum and Supporting Documents for Motion for a New Trial" (the "Second Motion for New Trial") on November 5, 2013. (Second Mot. for New Trial at 1, ECF No. 1 at 153.) In that Motion, Appellant again challenged the Contempt Order by requesting a new trial.

On December 4, 2013, the Bankruptcy Court held a hearing for both the First and Second Motions for New Trial, which Appellant did not attend.[3] (Mem. Op. and Order at 1, ECF No. 1 at 207.) On careful consideration, the Bankruptcy Court issued a

---

[3] Appellant contends she was absent because she did not receive notice of the date or time for the hearing. (Second Notice of Appeal at 4, ¶ 34, 5, ¶ 44, ECF No. 1 at 215.)

"Memorandum Opinion and Order" on December 11, 2013 (the "December 11, 2013 decision"), in which both Motions were denied. (Mem. Op. and Order at 1.)

Appellant filed a "Notice of Appeal" (the "First Notice of Appeal") with the Bankruptcy Court on December 27, 2013, appealing the December 11, 2013 decision. (First Notice of Appeal at 1, ECF No. 1 at 213.) Appellant then filed an "Amendment to Notice of Appeal and Motion to Appeal" (the "Second Notice of Appeal") with the Bankruptcy Court on January 10, 2014, appealing the Contempt Order from October 9, 2013. (Second Notice of Appeal at 1.) In the Second Notice of Appeal, Appellant included a statement of facts, her arguments, and the three issues for which she sought relief:

> (32) Whether a motion for intent for new trial filed pursuant Rule 9023 must be served with memorandum in support of motion.
> (33) Whether memorandum in support of motion for intent for new trial pursuant Rule 9023 must be file [sic] within 14 days after entry of final order.
> (34) Whether the court abused its discretion by holding a hearing in the absence of debtor without a ruling a) A ruling granting or denying her motion for continuance or in its alternative notifying debtor of a new hearing date or time. B) Without notice from the clerk [sic] office notifying debtor of scheduled hearing date or time c) Without notice from other party of requiring a certificate of service to prove debtor was properly notified of the new hearing date and time.

(Second Notice of Appeal at 4, at ¶¶ 32–34.)

## II. STANDARD OF REVIEW

Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 158(a)(1). On appeal, this Court "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Fed. R. Bankr. P. 8013;

*see* 28 U.S.C. § 158(a)(3). This Court "review[s] the bankruptcy court's legal conclusions *de novo* and its factual findings for clear error." *In re Hartford Sands Inc.*, 372 F.3dd 637, 639 (4th Cir. 2004). In cases where the issues present mixed questions of law and fact, the Court will apply the clearly erroneous standard to the factual portion of the inquiry and *de novo* review to the legal conclusions derived from those facts. *Gilbane Bldg. Co. v. Fed. Reserve Bank*, 80 F.3d 895, 905 (4th Cir. 1996).

In this case, Appellant is challenging the Bankruptcy Court's ruling as to her Motion for Reconsideration pursuant to Fed. R. Bankr. P. 9023, which incorporates Fed. R. Civ. P. 59. On appeal, this Court reviews such decisions for "abuse of discretion, unless the underlying order ... is a ruling on a pure question of law, in which case the Court should review the order ... *de novo*." *Mitrano v. Melka*, 2009 U.S. Dist. LEXIS 104211 (E.D. Va. 2009); *see EEOC v. Lockheed Martin Corp.*, 116 F.3d 110, 112 (4th Cir. 1997) (stating that "we review an order granting a Rule 59 ... motion under an abuse of discretion standard").

Though it is the general practice of the Court to construe *pro se* complaints liberally and afford leniency wherever it is possible, "the grant of leniency is not without its limitations." *In re Loy*, 448 B.R. 420, 437 (Bankr. E.D. Va. 2011). The Court will not "allow *pro se* litigants to deviate completely from the rules of procedure or court-imposed deadlines." *Id.* at 437.

## II. DISCUSSION

Before reviewing the issues raised by Appellant, the Court will first address Appellant's First and Second Notices of Appeal.

4

## A. First and Second Notices of Appeal

Appellant filed her First Notice of Appeal on December 27, 2013, appealing the Bankruptcy Court's December 11, 2013 decision. (First Notice of Appeal at 1.) The Notice itself did not contain a statement of facts and raised no issues for the Court to consider. Although it was filed after the fourteen (14) day deadline prescribed by Fed. R. Bankr. P. 8002(a),[4] the record indicates that Appellant placed the Notice in the mail on December 24, 2013. (First Notice of Appeal at 1.) Therefore, the Court finds that notice was timely filed. *See In re Pigge*, 539 F.2d 369, 371 (4th Cir. 1976) (adopting the "mailbox rule" for filing notices of appeal from Bankruptcy Courts in the 4th Circuit).

Appellant filed her Second Notice of Appeal on January 10, 2014, appealing the Bankruptcy Court's Contempt Order entered on October 9, 2013. (Second Notice of Appeal at 1.) The Notice was filed ninety-three (93) days after the Order was entered. Thus, pursuant to Fed. R. Bankr. P. 8002(a), the Court no longer has jurisdiction to consider this appeal. However, Appellant attached to her Second Notice of Appeal a statement of facts and issues which related to the First Notice of Appeal. (Second Notice of Appeal at 2–4.) Appellee does not dispute that these items may be used for the purposes of Fed. R. Bankr. P. 8006[5] in support of Appellant's First Notice of Appeal. (Mot. to Dismiss Appeal at 5 n.2.)

---

[4] "The notice of appeal shall be filed with the clerk within 14 days of the date of the entry of the judgment, order, or decree appealed from." Fed. R. Bankr. P. 8002(a).
[5] "Within 14 days after filing the notice of appeal . . . the appellant shall file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented . . ." Fed. R. Bankr. P. 8006.

5

As a result, the Court will examine the issues raised by Appellant in her Second Notice of Appeal in support of her First Notice of Appeal. Employing the standard of review presented and allowing the *pro se* Appellant broad latitude, the Court will address each issue individually.

### B. Necessity of a Memorandum in Support of a Motion for New Trial

The first issue raised by Appellant is "[w]hether a motion for intent for new trial filed pursuant Rule 9023 must be served with memorandum in support of motion[?]" (Second Notice of Appeal at 4, ¶ 32.) It appears that Appellant is contesting the Bankruptcy Court's decision to deny her First Motion for New Trial, in part, because it was not accompanied by a written memorandum. E.D. Va. Loc. Bankr. R. 9013-1(G)(1) states that "[u]nless the Court directs otherwise . . . all motions shall be accompanied by a written memorandum setting forth a concise statement of the facts and supporting reasons, along with a citation of the authorities upon which the movant relies." As a matter of law, Appellant was required to file a written memorandum along with her First Motion for New Trial and she failed to do so.

In her Second Motion for New Trial, Appellant attempted to remedy this mistake by including a "Motion to Extend Deadline to File Memorandum and Supporting Documents for Motion of Intent for New Trial." (Second Mot. for New Trial at 24.) However, Fed. R. Bankr. P. 9006(b)(2) dictates that "[t]he court may not enlarge the time for taking action under Rule . . . 9023." Therefore, as the Bankruptcy Court was barred from enlarging the time for Appellant to adequately file her First Motion for New Trial, it properly denied Appellant's request.

6

As a result, the Bankruptcy Court did not err in its decision to deny Appellant's First Motion for New Trial because she failed to comply with the requirements of E.D. Va. Loc. Bankr. R. 9013-1(G)(1). Therefore, Appellee's Motion to Dismiss Appeal will be granted as to the first issue raised by Appellant.

### C. Time Requirement for a Motion for New Trial

Appellant's second issue asks "[w]hether memorandum in support of motion for intent for new trial pursuant Rule 9023 must be file [*sic*] within 14 days after entry of final order[?]" (Second Notice of Appeal at 4, ¶ 33.) Based on this question, Appellant appears to be challenging the Bankruptcy Court's decision to deny her Second Motion for New Trial because it was untimely filed. In affirming the Bankruptcy Court's decision, the Court refers to Fed. R. Bankr. P. 9023 which states that "[a] motion for a new trial or to alter or amend a judgment shall be filed . . . no later than 14 days after entry of judgment." Appellant's Second Motion for New Trial was filed on November 5, 2013, a full twenty-seven (27) days after the Bankruptcy Court's Contempt Order of October 9, 2013. Appellant clearly filed this Second Motion for New Trial in an attempt to correct the deficiencies in her First Motion for New Trial. In denying Appellant's Second Motion for New Trial, the Bankruptcy Court appropriately categorized the Motion as a proverbial "second bite of the apple." (Mem. Op. and Order at 3.)

Therefore, the Bankruptcy Court is affirmed in its decision to deny Appellant's Second Motion for New Trial for having been delinquent. Consequently, Appellee's Motion to Dismiss Appeal will be granted as to the second issue raised by Appellant.

### D. Claim for Denial of Procedural Due Process

7

Appellant's final issue raised on appeal is

> Whether the court abused its discretion by holding a hearing in the absence of debtor without a ruling a) A ruling granting or denying her motion for continuance or in its alternative notifying debtor of a new hearing date or time. B) Without notice from the clerk [*sic*] office notifying debtor of scheduled hearing date or time c) Without notice from other party of requiring a certificate of service to prove debtor was properly notified of the new hearing date and time[?]

(Second Notice of Appeal at 4, at ¶ 34.) Appellant appears to question whether she was denied her right to due process when she allegedly failed to receive notice of the date and time of the hearing held on December 4, 2013 which resulted in the December 11, 2013 decision. (Second Notice of Appeal at 5, ¶ 44.)

While it is self-evident that the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution require adequate notice and an opportunity to be heard before adjudication, those rights are not absolute. *Sawyer v. Worcester (In re Sawyer)*, 2005 U.S. Dist. LEXIS 47858, at *6–7 (E.D. Va. 2005), *aff'd*, 195 Fed. App'x 159 (4th Cir. 2006). In order to constitute a sufficient due process claim, the complaining party must have been deprived of life, liberty, or property. *Id.* at *6–8; *see Mallette v. Arlington County Employees' Supplemental Ret. Sys. II*, 91 F.3d 631, 634 (4th Cir. 1996).

Appellant has failed to clearly state a claim for deprivation of life, liberty, or property in her Second Notice of Appeal. However, if very liberally construed, it appears that Appellant is contending that the December 11, 2013 decision resulted in a loss of property because she was forced to pay her creditors. (Second Notice of Appeal at 5, ¶ 44.) This is clearly not the type of property meant to be protected by the due process

clause. *See Sawyer*, 2005 U.S. Dist. LEXIS 47858, at *8. The only property which Appellant was forced to relinquish as a result of this decision was that which she already owed to her creditors and therefore had no entitlement to.

Therefore, Appellant's right to due process was not violated by the Bankruptcy's Court's hearing on December 4, 2013 in her absence and its subsequent December 11, 2013 decision because she was not deprived of life, liberty, or property to which she had a proper claim. Consequently, Appellee's Motion to Dismiss Appeal will be granted as to the third issue raised by Appellant.

## IV. CONCLUSION[6]

Based on the foregoing analysis, Appellee's Motion to Dismiss Appeal will be granted as to all issues raised by Appellant on appeal and this Court will affirm the Bankruptcy Court's decision.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: June 20 2014
Richmond, Virginia

---

[6] The Court notes that Appellee, in its Motion to Dismiss Appeal, raises two procedural issues regarding Appellant's failure to file a brief in support of her First and Second Notices of Appeal and her failure to pay the requisite filing fees. As it is already abundantly clear that this appeal will be dismissed, the Court need not address these alleged procedural deficiencies.

9